UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EZSHOOT LLC,

                Plaintiff,                CASE No.: 22-cv-60217-WPD

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

                Defendants.     /

## ORDER ON DEFENDANT SCHAPP ENTERPRISES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, SEVER THE CLAIMS

THIS CAUSE is before the Court upon Defendant Schapp Enterprises, Inc. ("Defendant" or "Schapp")'s Motion to Dismiss Plaintiff EZShoot LLC's Complaint for Damages and Injunctive Relief or, in the Alternative, Sever the Claims (the "Motion") [DE 31], filed on March 31, 2022. The Court has carefully considered the Motion [DE 31], Plaintiff EZShoot LLC ("Plaintiff" or "EZShoot")'s Response [DE 38], Defendant's Reply [DE 40], and is otherwise fully advised in the premises.

    I.    **BACKGROUND**

Plaintiff filed this action on January 31, 2022 against the twelve (12) Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Complaint, alleging claims for trademark infringement, false designation of origin, and unfair competition in connection with alleged promotion, sale, offer for sale, and distribution of counterfeit goods infringing on EZShoot's registered trademarks. *See* [DE 1].

According to the Complaint, EZShoot is the owner of all rights in and to the "Sexy Dance" trademark. *Id.* ¶ 16. All Defendants are allegedly promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce using and bearing counterfeit and infringing trademarks that are exact copies of the EZShoot mark through internet-based e-commerce stores, and fully interactive commercial websites operating under the Seller Ids. *Id.* ¶¶ 25, 41, 56, 61. Additionally, all Defendants have allegedly used in connection with their advertisement, offer for sale, and sale of their counterfeit goods, false designations or origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such description and representations, all to EZShoot's detriment. *Id.* ¶ 49.

Based on the aforementioned conduct, Plaintiff alleges the following four claims against all Defendants: Count I – Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114; Count II – False Designation of Origin Pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Count III – Common Law Unfair Competition; and Count IV – Common Law Trademark Infringement. *Id.*

On March 31, 2022, Defendant Schapp filed the instant Motions to Dismiss, arguing that: (1) the Complaint is an improper shotgun pleading; and (2) Defendant is misjoined with the eleven (11) other Defendants. *See* [DE 31]. For the reasons explained below, the Court will dismiss the Complaint with leave to re-plead consistent with this Order.

II. **STANDARD OF REVIEW**

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to

"give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements...." *Iqbal*, 556 U.S. at 663. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

### III.   DISCUSSION

Defendant Schapp raises two arguments in its Motion to Dismiss. First, Schapp argues that the Court should dismiss the Complaint in its entirety because Plaintiff has impermissibly incorporated each count into each subsequent count in an improper shotgun format and assets each count against all twelve (12) named Defendants collectively, in violation of Rule 8 of the Federal Rules of Civil Procedure.

Upon careful review of the Complaint, the Court agrees with Schapp that the Court must dismiss the Complaint as an impermissible "shotgun pleading." The Complaint lumps together Defendants throughout the pleading repeatedly, rendering it unclear and confusing as to which Defendant is being charged with which conduct. For example, it is unclear which Defendant sold which products or when. The Eleventh Circuit has explained that "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is improper. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Further, each of the claims, pled against all Defendants, "commit the mortal sin of re-alleging all preceding counts," again making it difficult to connect each claim with the alleged relevant conduct and actor(s). *Weiland*, 792 F.3d at 1322. These kinds of shotgun pleadings "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Accordingly, dismissal of the Complaint as an impermissible shotgun pleading is appropriate.

Second, Schapp asserts that the Complaint misjoins Schapp with the other eleven (11) Defendants. Schapp requests that the Court dismiss Schapp from the pending action or, alternatively, sever EZshoot's claims against it. Rule 21 plainly states that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Nevertheless, a court may "sever any claim against a party." *Id.* District courts enjoy broad discretion in granting or denying motions to sever. *Hofmann v. EMI Resorts, Inc.,* 09–20526–CIV, 2010 WL 9034908, at *1 (S.D. Fla. July 21, 2010).  As of the date of this Order, all other eleven (11) Defendants have either been voluntarily dismissed or had default judgment entered against them. *See* [DE's 10,

11, 26, 27, 45, 46, 49, 50]. As Schapp is the only remaining Defendant in this action, the issue of misjoinder is now moot. Therefore, the Court finds that severance is inappropriate at this time.[1]

Finally, for purposes of clarity, the Court directs Plaintiff that any amended complaint should assert claims against the only remaining Defendant, Schapp.

### IV.  CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Schapp's Motion to Dismiss Plaintiff's Complaint for Damages and Injunctive Relief or, in the Alternative, Sever the Claims (the "Motion") [DE 31] is hereby **GRANTED IN PART** in accordance with this Order**;**

2. The Complaint [DE 1] is **DISMISSED** in accordance with this Order; and

3. Plaintiff is granted leave to file an amended complaint, consistent with this Order, on or before **June 10, 2022**; a failure to do so shall result in the Court closing this case.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 27th day of May, 2022.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record

---

[1] Had the misjoinder issue not been moot, the Court would have considered whether all twelve (12) Defendants were properly joined pursuant to Rule 20, including whether selling similar infringing products through similar internet stores is sufficient to join unrelated sellers, and whether Plaintiff should be required to pay separate filing fees for each Defendant. The Court would also have weighed practical considerations, such as whether the fact that Plaintiff brings the instant claims against domestic Defendants favors severing Plaintiff's case, where such Defendants are more likely to appear in this case. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 516-17 (N.D. Ill. 2020). To the extent any future Defendant appears in this action, Schapp is not foreclosed from renewing its misjoinder argument.